# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ROBERT M. TINSLEY, SR.,    )
    )
        Petitioner,    )
    )
v.    )    Case No. 4:22 CV 1019 RWS
    )
DORIS FALKENRATH,    )
    )
        Respondent.    )

## MEMORANDUM AND ORDER

This case is before the Court on the petition of Robert M. Tinsley, Sr. for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 2, 2014, Tinsley entered an *Alford*[1] plea of guilty to two counts of statutory rape (Counts 1 and 2), one count of statutory sodomy (Count 3), and two counts of incest (Counts 4 and 5). ECF 13-5 at 18-21. During the open plea[2] colloquy, the prosecutor stated that if the case were to proceed to trial, the State of Missouri would prove beyond a reasonable doubt that on or about August 21, 2012, Tinsley had sexual intercourse with his eight year old niece. *Id.* at 10-13. Tinsley's niece told her

---

[1] An *Alford* plea allows a defendant to plead guilty to the charged crime and accept criminal penalty even if he is unwilling or unable to admit he committed the acts constituting the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). "An *Alford* plea stands on equal footing with one in which an accused specifically admits the commission of the particular acts charged." *Wilson v. State*, 813 S.W.2d 833, 843 (Mo. banc 1991) (cleaned up).

[2] An open plea is a guilty plea made without a plea agreement.

mother that Tinsley raped her in late 2012.  *Id.* at 11.   When interviewed, the niece told investigators that she was naked in the bathtub with Tinsley, that he inserted his penis in her rectum while she was facing away from him, that he turned her around, that he placed his penis in her vagina, and that he ejaculated in the water. *Id.* at 12.  His niece then said that Tinsley directed her to the bed, raised her legs upward in the air, and inserted his penis in her vagina again.  *Id.* at 12.  When questioned by police, Tinsley admitted to the charges except as to penetration.  *Id.* at 13.

On November 25, 2014, the trial court sentenced Tinsley as a prior and persistent offender to three concurrent twenty-five year terms on Counts I, II, and III and two concurrent four-year terms on Counts IV and V, with Counts IV and V to run consecutively to Counts I, II, and III, for a total sentence of 29 years.  ECF 14-1 at 303-06.  Tinsley did not appeal.

Tinsley filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035.  ECF 14-1 at 31.  After an evidentiary hearing, the motion court denied relief on October 19, 2020.  *Id.* at 126-52. Tinsley appealed, and the Missouri Court of Appeals affirmed the judgment on April 12, 2022.  ECF 13-4.

Tinsley filed the instant petition on September 26, 2022.  ECF 1.

I will deny Tinsley's petition for writ of habeas corpus for the following reasons.

## Discussion

In his petition for habeas corpus, Tinsley asserts the following three grounds for relief:

(1) Ineffective assistance of counsel because counsel "did not seek plea agreement when defendant wanted an *Alford* plea;"

2) Prosecutorial misconduct because "prosecutor failed to reduce charges due to the fact that there was no D.N.A., use of force, no threat of violence which made defendant a violent offender. Defendant has to serve 85% as a violent offender when defendant is not a violent offender. Evidence didn't support charges;" and

3) "Missouri Sex Offender Program. Defendant must have an omission of guilt in order to complete MOSOP. Defendant required to live in certain areas when defendant hasn't had any issues in the past. Defendant is not a sex offender that has multiple cases."

State prisoners must fairly present all claims to the state courts. When a prisoner has gone through all stages of direct appeal and post-conviction proceedings without presenting a claim to the state courts, that claim is procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Here, respondent argues that Tinsley procedurally defaulted his claims by failing to present them properly to the Missouri courts. If true, this Court may not consider the claim unless Tinsley can meet one of the two exceptions to procedural default.

To qualify for the first exception, Tinsley must show cause and prejudice. To demonstrate cause, he must show that "some objective factor external to the defense" impeded his efforts to present the claim to the state courts. *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986).  To establish prejudice, Tinsley must

demonstrate that the identified errors "worked to his actual and substantial

disadvantage, infecting the entire trial with error of constitutional dimensions."

*United States v. Frady*, 456 U.S. 152, 170 (1982).  The second exception requires

Tinsley to show that failure to consider the defaulted claims will result in a

fundamental miscarriage of justice.  To meet this standard, he must present new

evidence that "affirmatively demonstrates that he is innocent of the crime for

which he was convicted."  *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).

It is "the settled law of this Circuit that a habeas petitioner must have raised

both the factual and legal bases for each claim in the state courts in order to

preserve the claim for federal review."  *King v. Kemna,* 266 F.3d 816, 821 (8th Cir.

2001) (cleaned up).

In Ground One, Tinsley argues that his attorney was ineffective[3] for failing

to  "seek plea agreement when defendant wanted an *Alford* plea."  Tinsley raised a

---

[3] Tinsley's ineffective assistance of trial counsel claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* established a two-prong test to determine when counsel's ineffective performance violates the Sixth Amendment.  On the first prong, petitioner "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.  The second prong requires petitioner to "show that the deficient performance prejudiced the defense." *Id.*  To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  In applying *Strickland's* two prongs, the Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, and that reviewing courts should indulge a strong presumption that counsel's actions fell within the "wide range of professionally competent assistance." *Id.* at 690.

4

different ineffective assistance of counsel claim on appeal from the denial of post-conviction relief, namely that "his plea counsel was ineffective in failing to fully inform him of the Missouri Sexual Offender Program's guilt admission requirement." ECF 13-4. Because the factual and legal basis for Ground One was not presented to the Missouri Court of Appeals on appeal from the denial of post-conviction relief, this Court may not consider Ground One unless Tinsley can establish one of the exceptions to procedural default. As Tinsley makes no attempt in his petition to avoid the procedural default of this claim, this Court is barred from considering it.[4]

Even if this claim were not procedurally defaulted, it is meritless. There is no evidence that the prosecutor ever offered, or would have accepted, a plea agreement that permitted Tinsley to enter an *Alford* plea in exchange for his demand of either probation, a sentence of seven years, or the dropping of certain counts. *See* ECF 13-1 at 22. The only plea deal ever offered by the prosecutor was one requiring Tinsley to admit to the facts underlying the charges. *Id.* But Tinsley rejected that plea deal during his aborted plea colloquy in November of 2013, precisely because he did not want to admit to the factual allegations. *Id.* at 13. And the trial court ultimately permitted Tinsley to enter an *Alford* plea, albeit

---

[4] Tinsley did not file a traverse in support of his petition.

without a specific plea agreement from the parties.  Under these circumstances, Tinsley has failed to demonstrate that his attorney rendered ineffective assistance of counsel, or any resulting prejudice.  *See Cook v. State*, 593 S.W.3D 117, 121-22 (Mo. Ct. App. 2020) (defense counsel not constitutionally obligated to convey plea offers to State that are suggested by defendant; although defendant hoped for a better offer, the lack of better offer was not the fault of counsel but because the State never made a better offer); *Arnold v. State*, 509 S.W.3d 10, 112 (Mo. Ct. App. 2018) (same).

Ground One of Tinsley's § 2254 petition is denied.

The same is true of Tinsley's second ground for relief.  Tinsley alleges "prosecutorial misconduct" because the State did not reduce the charges even when there was no DNA evidence to link him to the offenses, no use of force, and no threat of violence.  Because the factual and legal basis for Ground Two was never presented to the Missouri Court of Appeals, this Court may not consider Ground Two unless Tinsley can establish one of the exceptions to procedural default.  As Tinsley makes no attempt in his petition to avoid the procedural default of this claim, this Court is barred from considering it.

Even if this claim were not procedurally defaulted, it is meritless.  Under Missouri law, first-degree statutory rape, first-degree statutory sodomy, and incest

do not have an element of "DNA evidence," "use of force" or "threat of violence." *See* Mo. Rev. Stat. § § 566.032, 566.062, and 568.020.

As for Tinsley's complaints that he should not have to serve 85% of his sentences before he becomes eligible for parole, whether Tinsley's offenses subject him to Missouri's Truth-in-Sentencing Law, Mo. Rev. Stat. § 558.019, is an issue of state law and not cognizable on habeas review.  It is well-established that "federal habeas corpus relief does not lie for errors of state law" and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (cleaned up).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; s*ee also Lee v. Norris*, 354 F.3d 846, 847 (8th Cir. 2004) ("[A] mere violation of state law . . . is not cognizable in federal habeas.").

Even if this claim were not procedurally defaulted and cognizable, it is meritless, as the 85% truth-in-sentencing provision is authorized for any "dangerous felony" as defined by Mo. Rev. Stat. § 556.061.  *See* Mo. Rev. Stat. § 558.019.3.  Both first-degree statutory rape and first-degree statutory sodomy are considered "dangerous felonies" where, as here, the victim is less twelve years old at the time of the offense.  Mo. Rev. Stat. §  556.061(8).

Ground Two of Tinsley's § 2254 petition is denied.

Ground Three of Tinsley's § 2254 petition is stated in its entirety as follows: "Missouri Sex Offender Program.  Defendant must have an omission of guilt in order to complete MOSOP.  Defendant required to live in certain areas when defendant hasn't had any issues in the past.  Defendant is not a sex offender that has multiple cases."

This claim does not allege that Tinsley's "conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68.  As such, it is not cognizable on federal habeas review. *Id.* at 67.

Nor was it presented to the Missouri Court of Appeals.  It is accordingly procedurally defaulted and this Court may not consider Ground Three unless Tinsley can establish one of the exceptions to procedural default.  As Tinsley makes no attempt in his petition to avoid the procedural default of this claim, this Court is barred from considering it.

Ground Three of Tinsley's § 2254 petition is denied.

<u>Certificate of Appealability</u>

When a petitioner is denied a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner may not appeal unless granted a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  To be entitled to a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A

showing is substantial when the issues raised are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because I find none of these to be the case, I will deny a certificate of appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Robert M. Tinsley, Sr. for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2024.